UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MICHAEL BEACHAM,

               Petitioner,                    Case No. 1:08-cv-252

v.                                           Honorable Janet T. Neff

WILLIE SMITH,

               Respondent.

_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it plainly appears that Petitioner is not entitled to relief.

**Discussion**

I.      Factual allegations

Petitioner James Michael Beacham presently is incarcerated with the Michigan Department of Corrections and housed at the Ionia Maximum Correctional Facility.  He currently is serving a term of imprisonment of four years and three months to twenty years, imposed by the Shiawasee County Circuit Court on June 23, 2006, after Petitioner pleaded guilty to one count of child sexually abusive activity, MICH. COMP. LAWS 750.145c(2).  At the time the plea was accepted, the court dismissed three additional counts against Petitioner, in exchange for his guilty plea: accosting a minor for immoral purposes, MICH. COMP. LAWS § 750.145a; first-degree criminal sexual conduct committed during the course of a felony, MICH. COMP. LAWS § 750.520b(1)(C); and conspiracy to commit child sexually abusive activity, MICH. COMP. LAWS § 750.145c(2).

The conduct underlying the conviction occurred on or about March 2005.  In support of his guilty plea, Petitioner testified that he was in the home of co-defendant, Jeffrey Keith Snyder, together with Snyder, co-defendant Donna Czarnecki, and a 14-year-old boy.  Czarnecki was naked and Petitioner was performing oral sex on her.  Snyder was videotaping the scene.  Petitioner testified that, at some point, the boy began to lick Czarnecki's breasts and fondle her.  After several minutes, Petitioner stated he left the room, during which time, Czarnecki took the boy's penis in her mouth.  Snyder videotaped the conduct.

According to the presentence report, Petitioner previously had told a Michigan State Police investigator that, on the day of the incident, Czarnecki was high on methadone.  Petitioner told the investigator that it was Czarnecki's idea to videotape the sex acts.  Petitioner stated that, when he left the room for a cigarette, the sex act between the boy and Czarnecki occurred.  The

presentence report also included the information reported by the boy to the investigator.  In contrast to the version recited by Petitioner, the boy told the investigator that on a date in late 2004 or early 2005 at about 11:00 p.m., he was staying at the Snyder house because his mother was involved with Snyder's father.  Snyder planned to videotape Petitioner and his girlfriend having sex.  Petitioner wanted the boy to join in and persuaded the boy to allow Czarnecki to perform oral sex on him.

After sentencing, Petitioner filed an application for leave to appeal to the Michigan Court of Appeals.  By order issued June 14, 2007, the court of appeals denied leave to appeal for lack of merit in the grounds presented.  Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which denied leave to appeal on September 10, 2007, because the court was not persuaded that the question presented should be reviewed.

In both the Michigan Court of Appeals and the Michigan Supreme Court, Petitioner raised a single issue: whether he was entitled to resentencing because the trial court erred in denying Petitioner's objections to the guidelines scoring.  Petitioner's habeas application, filed March 17, 2008, raises the same issue presented in the state courts.

II.     Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 791 (2001), *cert. denied, Texas v. Penry*, 547 U.S. 1200 (2006). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted

with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655.  In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts.  *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).  "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be  instructive in assessing the reasonableness of a state court's resolution of an issue."  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final."  *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably

refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

III.    Analysis

The Court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

In his sole habeas claim, Petitioner challenges the scoring of Offense Variable (OV) 12 and OV 14 of the Michigan Sentencing Guidelines. In the state courts, Petitioner claimed that OV 12, set forth in Mich. Comp. Laws § 777.42(1)(b), imposed points for "[t]wo or more contemporaneous felonious criminal acts involving crimes against a person." Petitioner contends that the court could only impose points on OV 12 if it concluded either that he had committed one of two offenses: (1) accosting, enticing or soliciting a child for immoral purposes under Mich.

- 5 -

COMP. LAWS § 750.145a, or (2) child sexually abusive materials under MICH. COMP. LAWS § 750.145c(2).  He argues that the court's imposition of points on OV 12 for the offense of accosting a child for immoral purposes would have been barred by the double-punishment provision of the Double Jeopardy Clause of both the United States Constitution and the Michigan Constitution of 1963.  He also contends that the imposition of points on OV 12 for the offense of conspiracy is barred by the doctrine known as Wharton's Rule.[1]  Finally, Petitioner contends that he was improperly considered to be a "leader in a multiple offender situation" and given ten points under OV 14.

Petitioner fails to demonstrate that the state court decisions were either contrary to or an unreasonable application of established Supreme Court precedent.  *See* 28 U.S.C. § 2254(d).  Claims concerning the improper scoring of sentencing guidelines generally are state law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law).  There is no constitutional right to individualized sentencing.  *United States v.*

---

[1]Wharton's Rule is a common-law criminal legal doctrine, which provides that, "'where it is impossible under any circumstances to commit the substantive offense without cooperative action, the preliminary agreement between the same parties to commit the offense is not an indictable conspiracy either at common law . . . or under the federal statute.'" *Iannelli v. United States*, 420 U.S. 770, 774 (1975) (quoting *Gebardi v. United States*, 287 U.S. 112, 121-22 (1932)).

*Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).  Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citations omitted).  *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court could not set aside, "on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted).  A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude."  *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972)*; Townsend v. Burke,* 334 U.S. 736, 741 (1948).  To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence.  *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)).  A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence.  *Tucker*, 404 U.S. at 444, 447.

- 7 -

Petitioner does not argue that the sentencing court relied on false information.  Nor does he allege or demonstrate a constitutionally arbitrary or shocking sentence.  Instead, he asserts that using certain information to support the assessment of points under a particular sentencing variable would amount to the imposition of double jeopardy in violation of the Double Jeopardy Clause of the Fifth Amendment and Wharton's Rule.

The Supreme Court "[h]istorically . . . [has] found double jeopardy protections inapplicable to sentencing proceedings, . . . because the determinations at issue do not place a defendant in jeopardy for an 'offense' . . . ."  *Monge v. California*, 524 U.S. 721, 728 (1998) (addressing multiple prosecution component of the Double Jeopardy Clause) (citing *United States v. Watts*, 519 U.S. 148, 154 (1997) (addressing the multiple punishment component)).  Petitioner's claims, therefore fail to raise a proper ground for habeas corpus relief. *See Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 405835, at *3 (E.D. Mich. Jan. 31, 2007) (finding noncognizable a habeas claim that the application of state sentencing guidelines violated the Double Jeopardy Clause); *Fisher v. Booker*, No. 03-10029-BC, 2006 WL 2420229, at *8 (E.D. Mich. Aug. 22, 2006) (citing *People v. Gibson*, 557 N.W.2d 141, 143 (Mich. Ct. App. 1996) (holding that the score a defendant receives on an offense variable is not a form of punishment under the Double Jeopardy Clause)).

Moreover, the Supreme Court had held that Wharton's Rule is not grounded in constitutional principles. *Iannelli v. United States*, 420 U.S. 770, 782-83 (1975)  "Instead, it has current vitality only as a judicial presumption, to be applied in the absence of legislative intent to the contrary." *Id.*

In sum, Petitioner has failed to demonstrate that the Michigan court decisions were contrary to or an unreasonable application of established Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 for lack of merit in the grounds presented. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: April 29, 2008 /s/ Joseph G. Scoville
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).